# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **ROOSEVELT AUGUSTIN,** *Plaintiff* | § § § |
| v. | §  No. 1:25-CV-01577-ADA-DH |
| **CHEROKEE NATION SYSTEM SOLUTIONS,** *Defendant* | § § § § § |

## ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Roosevelt Augustin's application to proceed *in forma pauperis*. Dkt. 2. Because Augustin is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

### I. REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Augustin's financial affidavit and determined he is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Augustin's request for *in forma pauperis* status, Dkt. 2. The

1

Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Augustin is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and recommends that Augustin's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendant should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II. REVIEW OF THE MERITS OF THE CLAIM

Because Augustin has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review his complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Augustin brings this employment-discrimination case under Title VII against Defendant Cherokee Nation System Solutions ("CNSS"), alleging that CNSS retaliated against Augustin by failing to promote him and terminating his employment in retaliation for his complaints of "unfair treatments." Dkt. 1, at 3. A retaliation claim brought under Title VII requires a plaintiff to show that they engaged in an activity protected by the statute. *Carter v. Target Corp.*, 541 F. App'x 413, 417 (5th Cir. 2013) (citing *Evans v. City of Hous.*, 246 F.3d 344, 352 (5th Cir. 2001) (quotation marks omitted)). "An individual engaged in a protected activity if she: (i) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII, or (ii) opposed any practice made an unlawful employment practice by Title VII." *Id.* at 417-18 (citing *Haynes v. Pennzoil Co.*, 207 F.3d 296, 299 (5th Cir. 2000)) (quotation marks omitted); 42 U.S.C. § 2000e–3(a).

Here, Augustin does not allege that he engaged in a formal complaint or participated in any proceeding under Title VII. *See* Dkt 1. Though he alleges that he "reported unfair treatments," nowhere does Augustin so much as imply that he opposed a discriminatory employment practice made unlawful by Title VII. *Id.* at 3. "A vague complaint that does not reference a discriminatory employment practice does not constitute a protected activity." *Carter*, 541 F. App'x at 418 (affirming dismissal of retaliation claim where plaintiff "did not make any reference to a discriminatory practice"). Because Augustin does not allege that he engaged in a protected activity, he fails to state a claim for retaliation upon which relief can be granted. *See* Dkt. 1; 28 U.S.C. § 1915(e)(2)(B)(ii); *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007) (noting that Federal Rule of Civil Procedure 8 requires a pleading to contain more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement"). The undersigned recommends that the District Judge dismiss Augustin's complaint without prejudice.

### III.   ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Augustin's application to proceed *in forma pauperis*. Dkt. 2. The undersigned **RECOMMENDS** that the District Judge **DISMISS** Augustin's causes of action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 9, 2025.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE